## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **THOMAS L. TAYLOR, III SOLELY IN** | § | |
| **HIS CAPACITY AS COURT-** | § | |
| **APPOINTED RECEIVER FOR** | § | |
| **KALETA CAPITAL MANAGEMENT,** | § | |
| **INC., BUSINESS-RADIO NETWORK,** | § | |
| **L.P., d/b/a BizRadio and** | § | |
| **DANIEL FRISHBERG FINANCIAL** | § | |
| **SERVICES, INC., d/b/a DFFS** | § | |
| **CAPITAL MANAGEMENT, INC.** | § | **Civil Action No. 4: 12-CV-1491** |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DANIEL S. FRISHBERG, ELISEA T.** | § | |
| **FRISHBERG, ALBERT F. KALETA** | § | |
| **BARRINGTON FINANCIAL ADVISORS** | § | |
| **INC., and WILLIAM C. HEATH** | § | |
| | § | |
| **Defendants.** | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f)

**1.     State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

Counsel for Plaintiff Receiver Thomas L. Taylor III ("Receiver"), Defendants Daniel and Elisea Frishberg (the "Frishbergs"), Barrington Financial Advisors, Inc. ("Barrington") and William C. Heath ("Heath") met by telephone on April 26, 2011. Peter Stanton, Andrew Goforth and Aaron Frishberg were present.

**2.     List the cases related to this one that are pending in any state or federal court with the case number and court.**

In the United States District Court for the Southern District of Texas:

*Securities and Exchange Commission v. Albert Fase Kaleta and Kaleta Capital Management, Inc., Defendants, and BusinessRadio Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc., d/b/a DFFS Capital Management, Inc., Relief Defendants*; Civil Action No. 4:09-cv-03674 (the "Receivership Action").

*Securities and Exchange Commission v. Daniel Sholom Frishberg*, Civil Action No. 4:11-cv-01097.

*Securities and Exchange Commission v. David Gordon Wallace Jr. and Costa Bajjali*, Civil Action No. 4:11-cv-1932.

In the United States Bankruptcy Court for the Southern District of Texas:

*In re Albert F. and Connie T. Kaleta*, Case No. 4:12-bk-30558

*Thomas L. Taylor III, Solely in His Capacity as Court Appointed Receiver for Kaleta Capital Management, Inc., BusinessRadio Network, L.P. d/b/a BizRadio and Daniel Frishberg Financial Services, Inc., d/b/a DFFS Capital Management, Inc., Plaintiff, v. Albert Fase Kaleta, Defendant*, Case No. 4:12-ap-3209.

**3.    Briefly describe what this case is about.**

The Plaintiff alleges that the Frishberg Defendants and Defendant Kaleta breached fiduciary and other duties owed by them as officers and directors to Kaleta Capital Management, Inc., BusinessRadio Network, L.P. and Daniel Frishberg Financial Services, Inc.  Plaintiff further alleges that all Defendants received transfers from those Receivership Entities which transfers were made in violation of the Texas Uniform Fraudulent Transfer Act, TEX. BUS. & COM. CODE § 24.001 *et seq*. (TUFTA).  Plaintiff further alleges inducing or aiding breach of fiduciary duty against Barrington and Heath and tortious interference with existing contracts against Daniel Frishberg, Barrington and Heath, in relation to the transfer of client accounts from DFFS to Barrington.

Barrington and Heath disagree that anything they did constitutes a violation of TUFTA, or tortious interference.  They will show in taking over the client accounts of Daniel Frishberg Financial Services, Inc. (DFFS) after the Plaintiff had effectively made it impossible for DFFS to protect its clients, they were rendering valuable services to the clients which the Plaintiff  could not, as a matter of law, provide.  The Plaintiff does not know now, and did not know at the time he filed his allegations against Barrington, what actually was transferred to Barrington, and is basing his allegations on documents that were never put into effect.

The Frishbergs dispute that they were in any fiduciary relationship to Kaleta Capital Management, Inc., and deny that they breached any fiduciary duties to Business Radio Network, L.P. or Daniel Frishberg Financial Services, Inc. ,. They deny that they received transfers from the Receivership Entities, or that they violated TUFTA.  Daniel Frishbeg further denies that he induced any client of DFFS to breach any contract with DFFS or that there was any enforceable contractual obligation against DFFS clients after the custodian refused to provide custody and insurance for the client accounts.  Barrington obtained permission from another custodian to provide safe custody and trading services for the accounts, but the custodian refused to provide these services if Daniel Frishberg Financial Services was involved.  DFFS withdrew its services at that time, and some clients chose to become clients of Barrington, while some took their accounts elsewhere.

**4.     Specify the allegation of federal jurisdiction.**

This action is brought ancillary to the Receivership Action pursuant to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367, and pursuant to 28 U.S.C. § 754 and the Agreed Order Appointing Receiver ¶5(c) and (i) [Doc. # 7 in the Receivership Action, as modified by the Order Modifying Order Appointing Receiver, Doc. # 34 in the Receivership Action].

**5.     Name the parties who disagree and the reasons.**

The Defendants do not disagree.

**6.     List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

No parties anticipate any further joinder is necessary.  The Receiver has instituted an adversary proceeding against Defendant Kaleta (see §2, above) and filed in that proceeding a Motion seeking withdrawal of the reference from the Bankruptcy Court to the District Court.

**7.     List anticipated interventions.**

None.

**8.     Describe class-action issues.**

None.

**9.     State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties will make initial disclosures two weeks after this report is filed.

**10.    Describe the proposed agreed discovery plan, including:**

 **A. Responses to all the matters raised in Rule 26(f).**

Each party will make inquiry and determine the location of any electronically stored information, *i.e.* a list of the computers and/or databases storing such information, and report this information to the other parties.  The parties also agree to make available to the other parties the electronically stored documents required by Rule 26(a) F.R.C.P. and to inform the other parties of the parameters used to search for the documents which are being produced.

 **B. When and to whom the plaintiff anticipates it may send interrogatories.**

The Plaintiff anticipates sending interrogatories before the end of June to all the Defendants.

 **C. When and to whom the defendant anticipates it may send interrogatories.**

The Barrington Defendants have already sent their first set of Interrogatories and Request for Production and anticipate further requests will be necessary upon receipt of the responses thereto.

The Frishbergs will send Interrogatories and document requests  within thirty days of receipt of initial disclosures and anticipates that additional inquiry will be necessary based on the responses thereto.

 **D. Of whom and by when the plaintiff anticipates taking oral depositions.**

At this time the Plaintiff anticipates taking depositions of all Defendants, and as further discovery necessitates, employees and/or former employees of the Receivership Entities and Barrington, and former DFFS investor clients.  The Plaintiff anticipates that he can complete depositions by the end of October.

 **E. Of whom and by when the defendant anticipates taking oral depositions.**

The Barrington Defendants and the Frishbergs intend to take the deposition of the Plaintiff and the Plaintiff's employees. The Frishbergs intend to take the deposition of some of the investor clients of DFFS.

The Barrington Defendants can have depositions completed by the end of July. The Frishberg Defendants need until the end of August.

All parties anticipate taking the depositions of all designated experts.

**F.      When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

By December 31, 2012. The Defendants will designate by February 15, 2013.

**G.      List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B)(expert report).**

All experts designated by the Defendants by March 29, 2013.

**H.      List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

All experts designated by the Plaintiff by March 29, 2013

**11.    If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The Barrington Defendants do not agree that the Plaintiff needs so much time to complete depositions and designate experts. The expert designation date needs to be much earlier, as the Defendants are informed and believe the Plaintiff needs expert testimony to establish liability as well as to damages.

**12.    Specify the discovery beyond initial disclosures that has been undertaken to date.**

The Barrington Defendants sent out Interrogatories and Request for Production which the parties have agreed will not be answered until 30 days from the date this report is filed.

**13.    State the date the planned discovery can reasonably be completed.**

The Defendants believe that all discovery can easily be completed by the end of December 2012.  The Plaintiff believes that all discovery can be completed by May of 2013.

**14.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

There is no possibility for settlement with the Barrington Defendants until the Plaintiff quantifies its claims against the Barrington Defendants, and it is unlikely that the Plaintiff can do so without expert testimony.  Since the Plaintiff does not anticipate designation of experts until December, there is little likelihood of settlement with the Barrington until after that time.

The Plaintiff has not made a settlement demand to the Frishbergs.

**15.   Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties are and have been discussing possible resolutions.

**16.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation may be effective, but not until sufficient discovery has been done.

**17.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties all object to a magistrate.

**18.   State whether a jury demand has been made and if it was made on time.**

Defendants Barrington and Heath have made a jury demand in their Answer. There is no contention at this time that the jury demand was not timely.  The Frishbergs motion for leave to make the demand out of time was granted by this Court and their jury demand filed.

**19.   Specify the number of hours it will take to present the evidence in this case.**

From what the parties anticipate at this time, 30-40 hours.

**20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

n/a

**21.    List other motions pending.**

n/a

**22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

The Plaintiff believes that it is entitled to the financial information about each of the persons who had an account at DFFS who became customers of Barrington. The Gramm-Leach Bliley Act, 15 U.S.C. § 6801(a) contains "... a continuing obligation to respect the privacy … to protect the security and confidentiality of ... customers' nonpublic personal information." The parties anticipate the need for court intervention relating to the disclosure of DFFS and Barrington customer disclosures.

**23.    List the names, bar numbers, addresses and telephone numbers of all counsel.**

Counsel for the Plaintiff
Thomas L. Taylor III
Texas State Bar: 19733700

Andrew M. Goforth
Texas State Bar: 24076405

The Taylor Law Offices, P.C.
4550 Post Oak Place Drive, Suite 241
Houston, Texas 77027
Tel: 713.626.5300
Fax: 713.402.6154taylor@tltaylorlaw.com
goforth@tltaylorlaw.com


Counsel for the Barrington Defendants
Peter J. Stanton
Law Offices of Peter J. Stanton
State Bar No. 19054500
Riverview Towers, Suite 1350
111 Soledad
San Antonio, Texas  78205

Telephone: (210) 472-0500
Telecopier: (210) 472-0515
stanton@pstantonlaw.com

<u>Counsel for Daniel and Elisea Frishberg</u>
Aaron Frishberg
Law Office of Aaron David Frishberg
116 W 111th St
New York, NY 10026
212-740-4544
frishberga@aol.com


_____         Date: _____

_____         Date: _____


_____         Date: _____