UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE | § | |
| COMMISSION, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3674 |
| | § | |
| ALBERT FASE KALETA and | § | |
| KALETA CAPITAL MANAGEMENT, | § | |
| *et al.*, | § | |
| Defendants, | § | **MEMORANDUM AND ORDER** |
| | § | |
| BUSINESSRADIO NETWORK, L.P. | § | |
| /d/b/a BizRadio and DANIEL | § | |
| FRISHBERG FINANCIAL SERVICES, | § | |
| INC., d/b/a DFFS CAPITAL | § | |
| MANAGEMENT, INC., | § | |
| Relief Defendants. | § | |

_____

| | | |
|---|---|---|
| THOMAS L. TAYLOR, III, solely in his | § | |
| capacity as court-appointed receiver | § | |
| for KALETA CAPITAL MANAGEMENT, | § | |
| INC., BUSINESSRADIO NETWORK, LP | § | |
| d/b/a Biz Radio, and DANIEL | § | |
| FRISHBERG FINANCIAL SERVICES | § | |
| d/b/a DFFS CAPITAL MANAGEMENT, | § | |
| INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-12-1491 |
| | § | |
| DANIEL S. FRISHBERG, ELISEA T. | § | |
| FRISHBERG, ALBERT FASE KALETA | § | |
| BARRINGTON FINANCIAL ADVISORS, | § | |
| INC., and WILLIAM C. HEATH, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The Court has before it a Motion to Approve Settlement with Defendants Barrington Financial Advisors, Inc. ("Barrington") and William C. Heath ("Heath") (collectively, the "Barrington Defendants") [Doc. # 241] ("Motion") filed by Court-appointed receiver Thomas L. Taylor, III (the "Receiver").  Various investors who invested funds through the Barrington Defendants have filed objections [Doc. # 245] ("Objections") to the settlement.[1]  The Receiver has filed a response to the Objections [Doc. # 246] ("Response").  The matter is ripe for decision.  After careful consideration of the Motion, the Objections, and the Response, as well as applicable law and earlier proceedings in this case, the Court holds that the settlement should be approved.

## I.    BACKGROUND

The factual background of this case and creation of the Receivership are set forth in detail in several Memoranda and Orders of this Court.  *See* Docs. #170, # 205, and # 235.  The detailed facts and procedural history will not be repeated here.

---

[1]      The objecting investors (collectively, the "Objectors") are Ronald & Lavonne Ellisor, Richard Kadlick, Sailaja Uri Konduri, Robert Ficks, Larry Mullins, Kohur Subramanian, Timothy Koehl, Martin Grosbol, Doug & Kay Shaffer, Alisa K. Jones, Kevin Deering, Ed & Helena Gray, Johnny & Betty Gauntt, Tony Huerta, Marcus Erickson, Kurt Everson, George & Marene Tompkins, Richard Burkhart, James & Patricia Stewart, Bob & Kathy Horlander, Don Keil, Dr. Gerald Crouch, Paul & Simona Williams, Steve Cook, Florence Reiley, Carlos Barbieri, Raymond Warner, and John Willis.

A.    **The Receivership**

In brief, on November 13, 2009, the Securities and Exchange Commission (the "SEC") commenced this case against Albert F. Kaleta ("Kaleta") and Kaleta Capital Management ("KCM"), alleging violations of the antifraud provisions of the federal securities laws arising from the fraudulent offering of promissory-note securities (the "Enforcement Action").[2]    According to the SEC, Kaleta, Daniel Frishberg ("Frishberg"), and KCM perpetrated several frauds related to promissory-note securities.  In one such scheme, these individuals and entities solicited investors, to make loans to various entities related to a radio station (collectively, "BizRadio").

On December 2, 2009, this Court appointed Thomas L. Taylor, III, as Receiver for KCM.  On June 17, 2010, this Court expanded the Receivership Estate to include Relief Defendants BizRadio and DFFS.[3]  The Court authorized the Receiver (1) to take and have complete and exclusive control, possession, and custody of the Receivership Estate;[4] (2) to collect all sums of money due or owing to the

---

[2]    *See* Enforcement Action Doc. # 1.

[3]    *See* Agreed Order Appointing Receiver [Enforcement Action Doc. # 7] ("Receiver Order") and Order Modifying Order Appointing Receiver [Enforcement Action Doc. # 34] (collectively, "Modified Receiver Order").

[4]    The "Receivership Estate" consists of the Receivership Assets and the Receivership Records.  Receiver Order, ¶ 2. "Receivership Assets" are "the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendant and all entities it owns or controls." *Id.* ¶ 1; Modified Receiver Order, at 1-2.  "Receivership Records" are "the books and records, client
(continued...)

Receivership Estate; (3) to institute actions to obtain possession and/or recover judgments with respect to persons or entities who received assets traceable to the Receivership Estate; (4) to contract and negotiate with any claimants against the Receivership for purposes of compromising or settling any claim; (5) to institute, prosecute, or compromise such actions that the Receiver deems necessary and advisable to carry out the Receiver's mandate; and (6) to preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement to claimants.[5]

---

[4]     (...continued)
lists, account statements, financial and accounting documents, computers, computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendant, or issued by Defendant and in possession of any agent or employee of the Defendant." Receiver Order, ¶ 1; Modified Receiver Order, at 2.

[5]     Receiver Order, ¶¶ 4, 5(i), 5(j), and *passim*. On March 25, 2011, the Commission commenced the action styled *SEC v. Daniel Shalom Frishberg*, No. 4:11-cv-1097 (S.D. Tex. Mar. 29, 2011), in the United States District Court for the Southern District of Texas, alleging direct violations and the aiding and abetting of violations of § 206(1) and (2) of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. § 80b-6(1), 80b-6(2). Pursuant to an agreed final judgment, civil penalties were ordered against Frishberg in the amount of $65,000 and Frishberg was permanently enjoined from violating § 206 of the Advisers Act. Frishberg was also barred from association with any investment adviser pursuant to § 203(f) of the Advisers Act, 15 U.S.C. § 80b-3(f). *See* Order Instituting Administrative Proceedings, SEC Administrative Proceeding File No. 3-14393, Release No. 3206, May 16, 2011.

**B.      Litigation by the Receiver Against Barrington and Heath**

On August 23, 2011, the Receiver commenced litigation against Receivership

Entity owners, officers, and employees Daniel and Elisea Frishberg (the "Frishbergs")

and Kaleta, and against Barrington and its principal Heath (the "Ancillary Action").[6]

The Receiver alleges *inter alia* that the Barrington Defendants fraudulently transferred

assets from DFFS and Frishberg to the Barrington Defendants, tortiously interfered

with DFFS contracts, and aided and abetted Frishberg's breaches of fiduciary duty to

DFFS.[7]   On May 2, 2012, for ease of administration, the Court severed the Ancillary

Action from the Enforcement Action.

The  Receiver  sought  and  obtained  this  Court's  approval  of  a  proposed

settlement with Kaleta.[8]  The Receiver has not settled his claims against the Frishbergs

and their entities.   The Receiver reports that he currently plans to pursue all these

claims, including claims arising out of the alleged transfer of assets to the Barrington

Defendants.

---

[6]      Enforcement Action Doc. # 105.

[7]      Ancillary  Action  Complaint  [Doc.  #  1],  ¶¶  132-147  (Counts  IX,  X,  XI).   The
Ancillary Action is styled *Taylor v. Frishberg, et al.*, Civil Action No. 4:12-cv-1491,
and is pending before this Court.

[8]      *See* Memorandum and Order [Enforcement Action Doc. # 235], dated May 31, 2013.

## C.   Analysis of the Proposed Settlement

On behalf of the Receivership Estate and all persons who have a substantive claim against the Receivership Estate, the Receiver has reached a proposed settlement with the Barrington Defendants.[9]   The basic terms of the agreement are:

(1)    the Barrington Defendants will pay to the Receivership Estate the sum of $50,000 in ten equal monthly installments;[10]

(2)    the Barrington Defendants will release the Receivership Estate from any and all claims as of the date of the Settlement; and

(3)    the Receiver will release the Barrington Defendants from any and all claims of the Receivership Estate as of the date of the Settlement.

The Receiver urges that the proposed Settlement is fair, equitable, and reasonable, and is in the best interests of the Receivership Estate and all claimants to Estate assets.

The Objectors complain that the "settlement amount is very low for the claims asserted against Barrington and Heath [personally]";[11] that the Receiver "has yet to adequately investigate the claims to be compromised and related to claims against

---

[9]    *See* Enforcement Action Doc. # 241, Exh. A.

[10]    Should Barrington, default on these payments, the release and discharge to which the parties agree will become null and void, and the Receiver may proceed against both Barrington Defendants.  The Court retains jurisdiction over this matter until the conclusion of the payment period.  *See id.*

[11]    Objections, at 2-3.

Daniel Frishberg for transfer of the accounts at issue"[12]; and that the Objectors "should be permitted the opportunity to explore means to a higher recovery from the advisory accounts transferred to Barrington and Heath and the management fees earned therefrom."[13]  For the reasons set forth below, the Court is unpersuaded by any of the Objectors' contentions and concludes that approval of the proposed settlement is warranted.

The Receiver has done a careful and effective evaluation of the claims, defenses and collection issues relating to the causes of action asserted against the Barrington Defendants.  The Receiver has presented a fulsome explanation of evidence adduced during discovery of these claims and has given a pithy and effective explanation of his analysis of the legal issues that may affect recovery from the Barrington Defendants. The Receiver's responses to the Objectors' points demonstrate that he also has considered the Barrington Defendants' assets, has evaluated associated collection issues, and has carefully evaluated the litigation options.[14]  Heath, as recited in the

---

[12]     *Id.* at 3-4.

[13]     *Id.* at 4-5.

[14]     There is no doubt that the Receiver has authority to negotiate and propose the settlement under consideration, in performance of his duty to "[p]reserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants."  Receiver Order, ¶ 5(j).  The Receiver contends that the Order Appointing Receiver authorizes the Receiver to resolve the matter without Court approval.  The Court concludes that its oversight responsibilities are
(continued...)

settlement agreement, represents that the Barrington Defendants have very limited assets.  The Receiver urges, for strong reasons, that the settlement provides a recovery as large or larger than what likely could be collected by the Estate after litigation with these Defendants.  The Receiver also points out that the Objectors are able to pursue claims they may have against the Barrington Defendants.[15]

Notably, the Receiver is an individual with extensive business and receivership experience.  The settlement is the result of detailed arms' length negotiations with the Barrington Defendants.  The Court recognizes that the money to be paid by the Barrington Defendants in settlement is not very large.  However, the Court concludes that there is a likelihood of potentially significant litigation expenses, as well as large attorneys' and Receivers' fees, were this case to be litigated fully.  These fees and expenses would seriously deplete any recovery that likely could be obtained from litigation.  There appear to be meaningful litigation and collection risks inherent in the claims the Receiver asserts against the Barrington Defendants.  The settlement, on the other hand, has the advantage of providing greater likelihood of collection of the settlement sum.  The Court therefore finds that the proposed settlement is fair, equitable, and reasonable, and is in the Receivership Estate's and its claimants' best

---

[14]      (...continued)
            better served by review of the settlement.

[15]      The Objectors have not filed any factual or legal rebuttal to this analysis.

interests.

## IV.   CONCLUSION AND ORDER

After careful consideration of the record and applicable law, the Court agrees with the Receiver that the proposed settlement with the Barrington Defendants is a good option for certain recovery of assets and to maximize the value of the Receivership Estate, while minimizing expenses in recovery of these assets. The Court accordingly approves the settlement as fair, equitable, reasonable, and in the best interests of the Receivership Estate and those who could claim rights to the Estate's assets. It is therefore

**ORDERED** that the Receiver's Motion to Approve Settlement with Barrington Financial Advisors, Inc. and William C. Heath [Doc. # 245] is **GRANTED**. It is further

**ORDERED** that this Memorandum and Order will be filed in Civil Case Nos. 4:09-cv-3674 and 4:12-cv-1491.

SIGNED at Houston, Texas, this 23rd day of **July, 2013.**

_____
Nancy F. Atlas
United States District Judge